IN THE MATTER OF THE APPLICATION OF AMERICAN SUGAR COMPANY, LIMITED, FOR REGISTRATION OF TITLE TO LAND AT KAUNA-KAKAI, MOLOKAI, T. H.

No. 1690.

ERROR TO LAND COURT.
HON. J. J. BANKS, JUDGE.

ARGUED FEBRUARY 2 AND MARCH 19, 1927.     DECIDED MAY 17, 1927.

PERRY, C. J., CIRCUIT JUDGE ANDRADE IN PLACE OF BANKS, J., DISQUALIFIED, AND CIRCUIT JUDGE CRISTY IN PLACE OF PARSONS, J., DISQUALIFIED.

HIGHWAYS—*dedication and abandonment—title.*

The title to all public highways acquired by dedication and abandonment is in the Territory of Hawaii and not in the counties within whose confines they are situated.

SAME—*Court of Land Registration—disclaimer of title—powers of attorney general and county attorneys.*

When in a proceeding in the land court for the registration of title to land the attorney general, on behalf of the Territory, disclaims all right, title and interest in the land described in the application, the county within which the land is situated cannot be heard to say that either it or the Territory is the owner of a portion of the land in question as a public highway acquired ·by dedication and abandonment.

SAME—*same—acts of attorney general—legal presumptions.*

The attorney general is authorized by law to represent the Territory in all proceedings in the land court. The legal presumption is that, in filing a disclaimer in that court on behalf of the Territory, he acts in good faith and with sufficient cause.

OPINION OF THE COURT BY PERRY, C. J.

This was an application by the American Sugar Company, Limited, for the registration of its title to certain land situate on the Island of Molokai. The County of

Maui was summoned as a party in interest and filed an answer objecting to the granting of a registered title to the applicant as to two particular portions of the land described in the application. The county claimed, first, that it was entitled to a right of way for a pipe line over a certain strip of land described by metes and bounds; and it further claimed "that the government of the Territory of Hawaii and/or the County of Maui, is the owner by dedication, surrender and abandonment of a roadway over, through and across a portion of said lands at Kaunakakai as hereinafter described and that the said road has been in open, continued and constant use for a long period of years, to-wit, more than 20 years and during all of said time and for a period of much more than 5 years the said American Sugar Co. has exercised no act of ownership thereof". The prayer of the county was that it "may be decreed to be the owner of a right of way for a pipe line, over and across the lands covered by said application and that the government of the Territory of Hawaii and/or the County of Maui may be declared to be the owner of the road" described. That answer was filed on June 9, 1925. On June 13, 1925, the Territory filed its answer reading as follows: "Comes now the Territory of Hawaii, one of the respondents in the above entitled cause, by H. R. Hewitt, first deputy attorney general of the Territory of Hawaii, and for answer to the petition herein filed, disclaims any and all interest in and to the land described in said petition." At the trial the applicant conceded the correctness of the county's claim to a right of way for a pipe line and the court found accordingly. On the subject of the alleged roadway the trial judge said: "It appears and the court finds that the title to all roadways are by statute placed in the Territory of Hawaii, and that the Territory of Hawaii having filed a disclaimer in

said matter the County of Maui had no right to make any further claim in regard to the said roadway." The County of Maui brings the case to this court by writ of error, assigning as error the disposition made of the case by the trial court with reference to the alleged roadway.

It is contended on behalf of the County of Maui that that county was entitled to be heard, in spite of the disclaimer of the Territory, partly because, under R. L. 1925, Sec. 3221, being a part of the chapter relating to procedure in the court of land registration, it is provided that "if the applicant requests to have the line of a public way determined, the court shall order notice to be given by the registrar by mailing a registered letter to the mayor or chairman of the board of supervisors of the county or city and county where the land lies" and partly because, by virtue of L. 1913, Ch. 107, Sec. 1, which later became R. L. 1915, Sec. 1881, and R. L. 1925, Sec. 1894, "the several boards of supervisors or other governing bodies of the several political subdivisions of the Territory have the general supervision, charge and control of all public highways" in the Territory. It is further contended that this right to be heard exists irrespective of whether the title to public highways is in the Territory or in the various counties. It seems to us, however, that the question of the right of the County of Maui to appear in opposition to the attitude taken by the Territory through its attorney general cannot be disposed of without a consideration of the issue as to whether the Territory or the county has the title to highways which, like the one referred to in the answer of the County of Maui, was acquired, if at all, by dedication and abandonment. If the title to the alleged roadway is in the County of Maui, that county certainly

would have the right to appear and present its claims with reference thereto.

As appears from the language above quoted from the answer of the county, the claim is not that it acquired title to the alleged roadway by purchase and deed, or by condemnation, but solely that the title was acquired by dedication and abandonment. In 1892 the legislature passed an Act (Ch. 47) which provided in section 2 that "all roads, alleys, streets, ways, lanes, courts, places, trails and bridges in the Hawaiian Islands, whether now or hereafter opened, laid out or built by the government, or by private parties, and dedicated or abandoned to the public as a highway, are hereby declared to be public highways," in section 3 that "any road, alley, street," etc., "constructed, opened or maintained by individuals or corporations as a highway, may become a public highway by dedication or abandonment, or surrender thereof to general use by such individual or corporation, provided that the same shall be accepted or adopted by the minister of interior," in section 4 that "dedication or abandonment of any highway, mentioned in section 2 of this Act, may be by deed or by a surrender or abandonment, such surrender or abandonment" to "be taken to be when no act of ownership by the owner thereof has been exercised within five years" and then, in section 5, that "the ownership of all public highways and the land, real estate and property of the same shall be in the Hawaiian government in fee simple." This section 5 appears in the Civil Laws of 1897 as section 366. Under section 9 of the Organic Act of the Territory the words "Hawaiian government", appearing in section 5 of Act 47 of the Laws of 1892, were changed to "government of the Territory of Hawaii." By the Organic Act the statute of 1892, as well as other laws, was continued in force. In the revision of 1905, section 5 appears as

section 593 and the words "the Hawaiian government" were there substituted by the words "the Territory of Hawaii." In R. L. 1915 the same section appears as section 1880 with the words "the government" taking the place of the words "the Territory of Hawaii" in section 593 of R. L. 1905 and of the words "the Hawaiian government" in the original Act of 1892. In R. L. 1925 the same section appears as section 1892 with the expression "the government" again appearing as in section 1880 of R. L. 1915. Just why the expression "the government" was used in the revisions of 1915 and 1925 instead of the expression "the Territory of Hawaii" as in the revision of 1905 does not appear. It may be that the expression "the government" as now used admits of some ambiguity but if that is so it should be construed with reference to the earlier history of the section as above narrated. "In case of ambiguity or repugnancy in a code or revision the original legislation may be referred to as an aid to correct interpretation. * * * Statutes carried into a revision retain their original effect and appropriate construction unless the legislative intent to make a change is clear." *Territory* v. *Overbay,* 23 Haw. 91, 94. Since the adoption of the revision of 1905 no statute has been passed which purports to repeal or amend section 593, R. L. 1905, or, as it was originally, section 5 of Act 47 of the Laws of 1892, as affected by section 9 of the Organic Act. No legislative intent is anywhere disclosed in our statutes to repeal or amend the provision that the ownership of all public highways, referred to in section 593, shall be "in the Territory." The expression "the government" used in the two later revisions is susceptible of meaning the Territory of Hawaii. In the absence of any expressed intention to the contrary, it should be taken to have been used in the sense of "the Territory of Hawaii." It seems more

in consonance with reason and logic to hold that the title to highways acquired by dedication and abandonment or by adverse user shall be vested in the Territory as a whole rather than in any particular county. It is the people of the Territory generally, and not only the permanent residents of any particular county, who are benefited by the acquisition of such highways and it is the people of the Territory as a whole, and not merely the permanent residents of any particular county, who make the adverse use of strips of land, which use can result in the acquisition of title either to the land or to the easement of passing over the same. In our opinion the title to all highways acquired by dedication and abandonment was declared by section 593, R. L. 1905, and by section 1880, R. L. 1915, and is declared by section 1893, R. L. 1925, to be in the Territory of Hawaii.

R. L. 1925, Sec. 1486, provides that "the attorney general shall appear for the Territory personally or by deputy, in all the courts of record, in all cases criminal or civil in which the Territory may be a party, or be interested, and may in like manner appear in the district courts in such cases." The power of the attorney general under this section, to appear on behalf of the Territory in all courts of record in all manner of proceedings, is clear. His power to appear in the court of land registration and to claim or to disclaim lands on behalf of the Territory is equally clear. Neither the counties nor their duly elected attorneys can be admitted to dispute in any such cases the action of the attorney general in behalf of the Territory. The presumption must be that in any given case, and in the case at bar, the attorney general is acting in good faith and to the best of his ability and, in the absence of a direct attack upon his action, in a suitable proceeding, the court of land regis-

tration does not err in not questioning his motives or his reasons.

It is true that the County of Maui is charged with the burden of maintaining and repairing the highways within its borders and also that the statute relating to the court of land registration required notice to be given to it of the pendency of this petition. But these considerations cannot operate to deprive the Territory of its title to the roadways or the attorney general of his power to represent the Territory. The extent of the power and the duties to be granted to any particular county is a matter resting with the legislature, within constitutional limitations. The burden of the cost of maintaining roadways may well be imposed upon a county without conveying to it the title to the roadways themselves. So, also, it may well be imagined that the legislature deemed it desirable that the boards of supervisors should be notified of any proceedings in the land court which might possibly affect the title to roadways since the boards or the county attorneys, or their representatives, could properly call to the attention of the attorney general any matters within their knowledge affecting the possible title of the Territory to alleged roadways. This sufficiently accounts for the provisions of section 3221, without drawing therefrom any inference adverse to the title of the Territory.

Under the statutes creating the land court and defining its jurisdiction and procedure, no authority is conferred upon the counties or the county attorneys to control or interfere with the powers of the attorney general in representing the Territory in cases involving its titles or claims of title.

Another argument advanced on behalf of the alleged right of the county to appear in this case in opposition to the attitude of the attorney general is the statutory

provision that "all public highways once established shall continue until abandoned by due process of law." R. L. 1905, Sec. 586; R. L. 1915, Sec. 1879; R. L. 1925, Sec. 1892. Assuming that this provision or other statutes render it illegal for the attorney general, by disclaimer in the land court, to close or abandon an existing highway, the presumption, nevertheless, must be, in this case, that the attorney general did not by the disclaimer which was filed attempt to close or abandon an existing highway and that he was satisfied that, under the conditions existing at the time of the application and hearing, the Territory's title in public highways was legally and equitably provided for in the application.

The decree appealed from is affirmed.

*B. L. Marx (Prosser, Anderson & Marx* on the briefs) for plaintiff in error.

*R. A. Vitousek (Smith, Warren, Stanley & Vitousek* on the briefs) for defendant in error.

