ESTHER LEVY *v.* GEORGE P. KIMBALL,
Trustee of the Estate of Clifford
Kimball, Deceased, dba, THE HALEKULANI
HOTEL, et al.

No. 4669.

June 27, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE, JJ.
AND CIRCUIT JUDGE DOI FOR LEVINSON, J.
DISQUALIFIED.

OPINION OF THE COURT BY RICHARDSON, C.J.

On the afternoon of March 10, 1962, the plaintiff, Mrs. Esther Levy, age 65, a tourist from the mainland, was walking along the beach returning to her room at the Princess Kaiulani Hotel after attending a picnic at the Hawaiian Village Hotel. In front of the Bertha Young property, the only route along the beach open to

her was to travel along the top surface of a seawall. While walking on the seawall, the plaintiff tripped and fell off about eight feet upon some rocks below the seawall injuring herself.

Plaintiff testified that her right heel had caught in a "bad spot". At the time, she was wearing "wedgies" which has a nearly flat sole with a slight arch and a narrow heel about two inches high.

The seawall was designed two feet wide at the top surface, thus creating a narrow foot path. Defendant State had acquired an easement over this seawall for the express purpose of providing a path for public travel. Some sections of the surface were very badly deteriorated and the makai edges broken off so that there were only 13 inches in width of usable space. Other sections were described as either smooth or rough aggregate. There was a stone wall about two and a half feet high on the mauka side of the seawall. There was a wire mesh fence about three feet high along the top of the stone wall. There was nothing along the makai side of the seawall. There were no signs in the area giving notice of the condition of the seawall.

The plaintiff brought this action against the defendant State and others, including the executors of the Estate of Bertha Young; the trustee of the Estate of Clifford Kimball, doing business as The Halekulani Hotel; the Sheraton Hawaii Corporation; the City and County of Honolulu; and certain unnamed persons pursuant to the State Tort Liability Act, R.L.H. 1955, Supp. 1965, Chapter 245A. All defendants, except the State, were dismissed prior to trial. The case was tried by the court without a jury pursuant to R.L.H. 1955, Supp. 1965, Chapter 245A-5. The trial court found that defendant was not negligent in maintaining the seawall. The plaintiff filed a motion to reconsider and alter the judgment. The trial court denied the motion. Plaintiff appeals from the judgment and order denying the motion.

It is a well established rule that an owner of an easement has the right and the duty to keep it in repair. *Rose* v. *Peters*, 59 Cal. App. 2d 833, 139 P.2d 983; *Nixon* v. *Welch*, 238 Iowa 34, 24 N.W.2d 476. The owner of the easement is liable in damages for injuries caused by failure to keep the easement in repair. *Rich-*

*ardson* v. *Kier*, 34 Cal. 63, 91 Am. D. 681; *Wells* v. *North East Coal Co.*, 118 S.W.2d 555, 557, 274 Ky. 268; *Swingler* v. *Robinson*, 321 S.W.2d 29, 32.

The defendant contends that the non-possessory interest held by it is an easement for a right to use the top of the seawall as a footpath by the general public. Under these circumstances, it reasons that it is the duty of the defendant to maintain the intangible interest in the surface of the seawall, but not the seawall itself which the defendant does not own, in a reasonably safe condition for those using it. But the rule is that " it is the control and not the ownership which determines the liability." *In re Ward*, 33 Haw. 235. Defendant's analysis of the situation in making a physical distinction between the surface and the rest of the seawall undermines the very rule itself, since once that distinction is accepted the owner of the easement would be completely free of any duty to maintain it. Defendant has admitted that it controls the seawall.

Revised Laws of Hawaii 1955, Sec. 142-1, relating to highways, sidewalks, parks, and use of streets, states that:

> "All roads, alleys, streets, ways, lanes, trails, and bridges in the Territory, opened, laid out or built by private parties and dedicated or surrendered to the public use, are declared to be public highways."

Although a seawall is not expressly mentioned in the above enumeration, it can be fairly implied that a seawall such as that which is in question here which is used as a public thoroughfare is included in the term "public highways".

*Restatement, Second, Torts* Sec. 349 (1965), states in part:

> "The duty to maintain a highway in a condition safe for travel, is, in America, and in some states by statute and others by common law, placed upon the municipal subdivision which holds the highway open to the public for travel. This duty includes not only a duty to maintain the surface of the highway in a condition reasonably safe for travel, but also a duty of warning the traveling public of any other condition which endangers travel, whether caused by a force of nature, such

as snow and ice, or by the act of third persons, such as a ditch dug in the sidewalk or cartway or an obstruction placed thereon * * *."

In *Kellet* v. *City and County*, 35 Haw. 447, we cited 7 McQuillin, Municipal Corporations § 2911 (2d ed. 1945), as follows:

"Reasonable, i.e. ordinary care is required (of the municipality to keep its streets in condition) * * *. Ordinary care required of a municipality as to its streets means that degree of care which might reasonably be expected from an ordinarily prudent person under the circumstances surrounding the party at the time of the injury, and a municipal officer cannot himself establish a standard of care by his previous work * * *. [A] greater amount (not degree) of care is required as to * * * sidewalks in populous and much travelled parts of the municipality * * *."

The pedestrian traffic on the seawall was heavy. In addition, there was evidence that there were rocks below the seawall, not a sandy beach, which could cause serious injuries should a person fall off the seawall. Under such circumstances, a greater amount of care was required of the defendant. It is clear that the defendant owed plaintiff a duty of care to maintain the seawall in a safe condition. What is a safe condition under the facts of this case and particularly in view of the heavy nature of pedestrian traffic involved would seem to require, minimally, some action such as the construction of a handrail on the makai edge of the seawall, or closing of the seawall to pedestrian traffic, or the posting of signs giving notice of its condition.

The order of the trial court denying plaintiff's motion to reconsider and alter the judgment is set aside. The judgment is reversed in favor of the plaintiff on the issue of liability and the case is remanded for trial on the issue of damages.

*Stuart M. Cowan* (*Greenstein, Cowan & Carlsmith* of counsel) for plaintiff-appellant.

*Roy M. Miyamoto*, Deputy Attorney General, (*Bert T. Kobayashi*, Attorney General, with him on the brief) for defendant-appellee.