ROSE Y. ASATO and YEISEI ASATO, Plaintiffs-Appellees, *v.* FUJIO MATSUDA, Director, DEPARTMENT OF TRANSPORTATION, STATE OF HAWAII, Defendant, and STATE OF HAWAII, Defendant-Appellant

NO. 5445

MARCH 5, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI, OGATA, JJ., AND CIRCUIT JUDGE LUM ASSIGNED BY REASON OF VACANCY

*Per Curiam.* The record of this case fails to reflect any reversible error.

Affirmed.

*Nelson S. W. Chang,* Deputy Attorney General (*George Pai,* Attorney General, of counsel) for defendant-appellant.

*Leland H. Spencer* (*Kelso, Spencer, Snyder & Stirling* of counsel) for plaintiffs-appellees.

DISSENTING OPINION OF RICHARDSON, C.J.

This appeal arises out of an action brought against the state for personal injuries received by plaintiff when struck by a floating log as she was picking limu at Ewa Beach. The trial court sitting without a jury found that the state was negligent and that the plaintiff was not contributorily negligent. I would reverse both of those findings.

I do not believe that the state has a duty of due care in a case such as this. The ocean and its beaches are inherently dangerous. Those of us who grow up and live in Hawaii respect the ocean for its often awesome power. We are ill advised to make the State of Hawaii an insurer of those who are injured by the hazards of the beach.

To say that the state allowed a dangerous condition to

exist is untenable in this case because the dangerous condition is a naturally occurring one.[1] The trial court apparently based its finding of negligence on the state's breach of its alleged duty to inform the public of the peculiar hazards of the particular beach in question. I do not feel that the state has a duty to inform the public that the beach is a dangerous place. Nor can I accept the argument that since this beach had the particular hazard of floating logs the state must warn the public of the particular danger. Must the state now specify the particular dangers of each and every beach in Hawaii? Certain beaches are known to have certain hazards. Some beaches are known for their surf, others for rip tides and undertows. Certain areas unprotected by reefs are believed to have more sharks than others. The state cannot be held to a special duty in each and every case.

Floating logs are possible hazards at almost every beach. The trial court found a duty in this case because the logs were a more common occurrence at this beach. Assuming arguendo that a duty to inform about the presence of logs did exist, such a warning would have served no purpose in this case since plaintiff had actual notice of the presence of the log. I have no doubt that the reasonable limu picker in Hawaii knows or should know that logs in and about the water are dangerous objects. Even logs partially imbedded in the sand as this one was, are to be avoided. If there is to be a duty imposed upon the state, I would hold that plaintiff's injuries are the result of her own and not the state's negligence.

[1] *Cf.* Levy v. Kimball, 50 Haw. 497, 443 P.2d 142 (1968) where the state was found negligent for its failure to maintain a seawall under its control.