No. 52,682

CITY OF KECHI, *Appellee,* v. LESTER H. DECKER, *Appellant.*

(634 P.2d 1099)

Opinion filed October 23, 1981.

*Phillip Mellor,* of Mellor & Miller, P.A., of Wichita, argued the cause, and *Arden P. Miller* and *Mark Mellor,* of the same firm, were with him on the brief for the appellant.

*Stephen M. Joseph,* of Joseph, Robison & Anderson, of Wichita, argued the

cause, and *Charles E. Millsap,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by defendant, Lester Decker, from an order of the Sedgwick District Court setting aside a jury verdict and entering judgment for the plaintiff, City of Kechi. The City cross-appeals. The City brought this action for injunctive relief in order to secure possession of a strip of land across which Mr. Decker had erected a barricade. Decker counterclaimed, contending that he was the owner of the land, and seeking the money value thereof as in an inverse condemnation proceeding.

A somewhat extended statement of the factual background is necessary to an understanding of the issues. Lester Decker was the owner of the disputed strip of land. On October 5 and October 19, 1971, Decker and his wife, Evelyn, executed two instruments, each designated as "Dedication Deed." These instruments described adjoining tracts of land 50 feet wide and 528 feet long and 264 feet long, respectively. Following the description, each instrument contained the following statement:

"Do hereby designate the above described real estate to the public for street or road purposes. . . ."

Each deed then contained a proviso. These read:

"Providing that it is named Decker Street. . . ."

and

"Providing the street is named Decker Street."

Both deeds were acknowledged by the Deckers, both were submitted to the board of county commissioners for approval, and on November 3, 1971, both deeds were approved by the board. They were filed for record in the office of the register of deeds on the following day.

On June 1, 1972, the governing body of the City of Kechi adopted ordinance No. 77. That ordinance named the strip of land described in the dedication deeds "Butler Street." The ordinance became effective upon its publication on June 7, 1972. Immediately following the adoption of the ordinance Mr. Decker then, and from time to time thereafter, advised city personnel to keep off the land and on several occasions he attempted to block their entry. He continued to use the land as a private roadway and

permitted one person, who paid Decker $700, to use the strip for access to his home which abutted on it.

Five years later, on June 4, 1977, a contractor for the City attempted to enter the strip of land to prepare it for paving; Decker erected a barricade. After some additional skirmishing, the City commenced this action on June 8, 1977, requesting injunctive relief, and secured a temporary restraining order. That order was dissolved some twenty days later upon the parties' agreement that "persons residing contiguous with and adjacent to the property in question should be allowed the right of ingress and egress until the rights of all parties concerned have been finally resolved."

By his answer, Decker admitted erecting the barricade and denied the balance of the allegations in the petition. By counterclaim, he contended that the naming of the street violated the conditions in the deeds and therefore the land reverted to him. Upon pretrial, his claim against the city was amended and is summarized as follows:

"Consideration to Decker for the street dedication was the City's agreement to name the street Decker Street. Upon the City's failure to do so, and its action in giving the street another name, the consideration to be paid by the City failed and Decker became entitled to be paid the money value of the street dedication as in an . . . [inverse] condemnation proceeding."

Also at pretrial, the parties stipulated that the roadway was dedicated to the city for street and road purposes, providing that the street be named Decker Street, and that title to the street vested in the county by operation of law. Based on the stipulations, the trial court ruled that no act of the city, the county, or Decker, could divest the county of its title to the property, and the court entered an order permanently enjoining Decker from erecting or maintaining any barricade or other obstruction across the tract. The street has since been paved.

At a second pretrial conference, defendant expounded upon his claim of inverse condemnation. He contended that the city's act in naming the tract "Butler Street" was a taking of his property without just compensation. The city countered that the naming of the street did not result in a taking of the land, and that any right to relief by Decker was barred by the applicable statutes of limitation. The court ordered that Decker's claim be submitted to a jury on the issue of the value of the tract as of June 1, 1972.

Upon trial in March 1979, the court instructed the jury that the date of taking was June 1, 1972, but that compensation to be awarded the landowner must place him in as good a position as he would have been in had the city paid him on the date of taking, and that the jury might consider testimony of inflationary factors affecting the adequacy of the compensation. The jury returned a verdict in the sum of $14,750. The parties stipulated that the amount of the verdict was to be reduced by the court in the amount of $700 previously paid Decker by a private citizen whose home abutted on the tract. The court increased this by an inflationary factor of 160%, reduced the verdict by $1,120, and entered judgment in favor of Decker and against the city for $13,630.

The City then moved to set aside the judgment on the theory that there had been no taking. Trial counsel and the trial judge had proceeded under the mistaken impression that the judge who held the pretrial had ruled that there had been a "taking." Review of the record disclosed that no such ruling was made. The trial court then found that the property had been irrevocably dedicated to public use, and that there was no taking by the City. The trial judge sustained the City's motion, set aside the verdict and judgment, and entered judgment for the City and against Decker for costs. This appeal followed.

Before turning to the issues, a short statement of some of the applicable principles may be helpful. Land may be dedicated to the public use by either statutory or common law dedication. A statutory dedication is one made in substantial compliance with statutory requirements. 26 C.J.S., Dedication § 26; 23 Am. Jur. 2d, Dedication § 32. In Kansas, statutory dedication of streets and highways, at least within second and third class cities, is accomplished by the filing of a plat. See K.S.A. 12-401 *et seq.* A common law dedication is accomplished either expressly, as by deed, or impliedly, as by acts and conduct which manifest an intention to devote the property to the public use. 26 C.J.S., Dedication §§ 14, 15; 23 Am. Jur. 2d, Dedication § 3. The formal filing and recording of a plat of an addition to a city vests the title to the property designated for public use in the county in which the city is located. See K.S.A. 12-406, and *Gadarl v. City of Humboldt,* 87 Kan. 41, 42, 123 Pac. 764 (1912), in which case it is said:

"The filing and recording of the plat operated to convey the fee of the street to

the county for the public purpose for which it was intended. . . . No formal acceptance by the city or use by the public is necessary to perfect a statutory dedication of this character."

On the other hand, in cases involving implied dedications, we have held that two things are essential: *first,* a dedication by the owner of the soil, and *second,* an acceptance by the public. *Cemetery Ass'n v. Meninger,* 14 Kan. *312 (1875). That holding has been followed recently. See *Kratina v. Board of Commissioners,* 219 Kan. 499, 506, 548 P.2d 1232 (1976). In that case we discussed the need for acceptance of the implied dedication of a road, and said:

"Although we would agree that no 'formal acceptance' by the public authorities is necessary, we do believe some sort of action by them indicating acceptance is required. Otherwise there would be 'cast upon an unwilling public' the duty to maintain—a situation found untenable by the *Cemetery Ass'n* court."

We think the same rule is applicable to an express common law dedication. A plat must be approved by the governing body of the second or third class city (K.S.A. 12-403) before it is filed by the register of deeds. No such statutory requirement is imposed with regard to deeds which purport to convey land within such cities for highway or other purposes; therefore an acceptance, formal or informal, is necessary in order that the municipality charged with the maintenance of the property have an opportunity to reject or accept it.

A city does not acquire title to the streets within its limits; instead, title is held by the county in which the city is situated. In *City of Council Grove v. Ossmann,* 219 Kan. 120, 127, 546 P.2d 1399 (1976), we said:

"The fee title to all property intended for public use vests in the county in trust for the public by virtue of K.S.A. 12-406. The authority to control, use and improve the streets is vested in the city. . . . The dedicators no longer have title to property dedicated for public use once a plat has been approved, filed and recorded. . . . The fee title vests in the county forever."

We note that the plat involved in the *Ossmann* case had been submitted to and was approved by both the governing body of the City, and the Board of County Commissioners of Morris County.

One who dedicates land to the public use may attach such reasonable conditions and limitations as he or she may see fit, providing that such conditions and limitations are not repugnant to the grant, do not limit the lawful control of the public author-

ities, and are not against public policy. See 26 C.J.S., Dedication § 30 *et seq.*; 23 Am. Jur. 2d, Dedication § 37 *et seq.*; *O. O. C. & C. G. Rld. Co. v. Larson,* 40 Kan. 301, 19 Pac. 661 (1888); and *City of Russell v. Russell County B. & L. Assn.,* 154 Kan. 154, 118 P.2d 121 (1941).

We now turn to the first issue raised by the parties: Was there a taking of private property for public use without just compensation? The first step in determining this issue must be a determination of the effect of the deeds. The parties stipulated that "Title to the street vested in the County by operation of law, subject to control by the City. . . ." and the trial court ruled that no act of the City, the County, or Decker, could divest the County of title.

The Board of County Commissioners, acting on behalf of the County, endorsed their approval on the deeds prior to recording. This constituted a formal acceptance by the County.

There was, however, no acceptance by the City. The dedication was conditional. When the deeds were tendered to the Board of County Commissioners, they contained the provisos quoted above, providing that the street be named Decker Street. At the time the deeds were tendered, an offer of conditional dedication was made. It could be accepted or rejected. The County formally accepted; the City did not. Instead, the City responded by enacting an ordinance designating the tract as "Butler Street." This was not an acceptance of the conditional dedication; this was a counter-offer which Decker did not accept.

Immediately after the passage of the ordinance, Decker repudiated the agreement, orally and physically barring city employees from entry upon the land. The City took no action for five years; it did not grade, surface, gravel, or pave the street; it did not open the street to the public. The City in no way indicated its acceptance of the conditional dedication. An acceptance, formal or otherwise, of an informal dedication is necessary by a city, as we have previously pointed out. Here there was none. We conclude that, under the peculiar facts of this case and as between the parties, Decker's conditional offer remained unaccepted and he remained the equitable owner of the tract, though the legal and record title was vested in the County by virtue of the recorded deed.

When this action was filed in 1977, the City obtained a tempo-

rary restraining order and later a permanent injunction, granting it possession of the land. Such action constitutes a taking for which the landowner is entitled to just compensation—the value of the tract as of the time of the taking, June 1977. The jury's verdict, under the instructions of the court permitting the jury to consider inflationary factors since 1972, fixes the value of the land as of 1977. It is proper that the verdict be reduced by the sum paid Decker in 1972 by a private landowner, as that sum had since appreciated. The original judgment entered by the trial court effected substantial justice as between the parties. An appellate court must disregard irregularities and technical errors if the ultimate determination is just. K.S.A. 60-2105.

In light of our determination of the principal issue, we need not determine other issues raised.

We conclude that the judgment should be reversed and the case remanded to the trial court with directions to set aside its order granting the City's motion to vacate the judgment, and to enter judgment for Lester H. Decker and against the City of Kechi, Kansas, in the sum of $13,630, together with interest from April 4, 1979, the date on which judgment was originally entered.

HOLMES, J., not participating.