MAUI RANCH ESTATES OWNERS ASSOCIATION, Plaintiff-Appellant, *v.* COUNTY OF MAUI, Defendant-Appellee, and STATE OF HAWAII; E.D. BALDWIN or his heirs; HAIKU PINEAPPLE COMPANY, LIMITED, or its successors and assigns; MAUI AGRICULTURAL COMPANY, LIMITED, or its successors and assigns; MANUEL P. MARTINES or his heirs; MARY P. MARTINES or her heirs; LILY P. ALU or her heirs; PEKANA JOHN HOOMALU or his heirs; JOHN SANTOS BRAS or his heirs; JOHN DA COSTA or his heirs; JOHN DOLIM or his heirs; MARIA DE SOUZA MADEIRA or her heirs; ANTONE DE SOUZA MADEIRA or his heirs; CHARLES M.K. KAIAPA PLUNKETT or his heirs; HATTIE W. KALOA or her heirs; DANIEL F.S. LEE; GEORGE KAIMIOLA; KATHERINE KAIMIOLA; EDWARD SPILLER; ANNEMARIE SPILLER; ALBERT DREITH; MARY S. DREITH; CHIYOKO KOBA; SHIZUE NAKASHIMA; HATSUE SHIGEMATSU; HENRY BURNS; HANNAH BURNS; TEIKI SHIROTA; MASAKO SHIROTA; and ALL UNKNOWN PERSONS AND ENTITIES who claim any right, title or interest in the road known as "Upper Ulumalu Road", located in Ulumalu, Maui, Hawaii, Defendants

NO. 10657

(CIVIL NO. 5533(3))

AUGUST 12, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

Maui Ranch Estates Owners Association (Association) appeals the trial court's judgment against it on its claim that a 2,000-foot section of Upper Ulumalu Road (UUR) in Makawao, East Maui, is a county highway. We affirm.

### FACTS

UUR is a portion of Ulumalu Road which runs in a mauka-makai[1] direction on the slopes of Mt. Haleakala. Ulumalu Road is intersected by Kaupakalua Road at a point called "Five Corners."[2] The section of Ulumalu Road mauka of Five Corners is known as UUR. Maui Ranch Estates is a private subdivision that has access to UUR over Maluna Place, approximately 2,000 feet mauka of Five Corners. It is the 2,000-foot section of UUR between Five Corners and Maluna Place which is at the heart of this controversy. UUR continues mauka past Maluna Place.

Ulumalu is an *ahupuaa*[3] which was awarded as Part 1 of Royal Patent Grant 10474 to N. Namauu on September 29, 1852. In about 1883, the Hui Kuai Aina O Ulumalu (hui), composed of approximately 50 shareholders, purchased the ahupuaa consisting of about 1,500 acres,

---

[1] Generally, from the mountains toward the sea. *See* M. Pukui, S. Elbert, *Hawaiian Dictionary* (1986).

[2] Five Corners is the point of convergence of five roads, resembling the spokes of a wheel. The five roads are two sections of Kaupakalua Road, Middle Ulumalu Road, Peahi Road and Upper Ulumalu Road.

[3] "[I]n ancient Hawaii, the division of land known as an ahupuaa generally ran from the sea to the mountains." *Palama v. Sheehan,* 50 Haw. 298, 300, 440 P.2d 95, 97 (1968); *Waimea Falls Park, Inc. v. Brown,* 6 Haw. App. ___, ___ n.6, 712 P.2d 1136, 1139 n.6 (1985).

from Namauu. Subsequently, most of the hui members' interests were acquired by Haiku Fruit and Packing Co., Ltd. (Haiku Fruit), Maui Agricultural Co., and Hawaiian Commercial and Sugar Co., Ltd. In order to partition the property, the ahupuaa was conveyed by the owners to E.D. Baldwin in 1926, who in turn reconveyed the property in separate parcels to the owners. However, the land within the roadway was not included in any reconveyance. Testimony at trial indicated that Haiku Fruit built UUR around 1913 and maintained it until sometime after 1919. Thereafter, the County of Maui (County) engaged in its maintenance until 1981.

In 1968, the County approved the Maui Ranch Estates subdivision consisting of 73 lots. At that time UUR was included in the County's Public Works Department's inventory of county roads. UUR is unimproved and unpaved, and has no regulatory traffic signs on it. No government utility services are provided for Maui Ranch Estates.

In 1981, the County's Director of Public Works directed the County's Superintendent of Roads to discontinue maintaining private roads. UUR was declared a private road and thereafter no further maintenance was authorized or conducted. As a result of the declaration that UUR was not a public road, the lots within the Maui Ranch Estates became ineligible for either FHA mortgage financing or for conventional mortgage loans.

Association, a Hawaii non-profit corporation made up of the owners of the lots within the Maui Ranch Estates, originally filed this action against the State of Hawaii (State) alleging that UUR was a state highway, that it was in need of repair, and that the United States Postal Service was threatening to suspend service to Maui Ranch Estates unless reasonable repairs and maintenance were made. Association also alleged that State had breached its duty to repair and maintain UUR. The complaint was later amended to add the County and the other corporate and individual defendants. The non-government defendants were named as individuals or entities who may have a claim to UUR or who are owners of land adjoining UUR. The amended complaint alleged that the State and the County were in breach of their duty to maintain and repair UUR.

Association requested that the trial court enter judgment declaring (1) that UUR is a "public highway" and/or a "county highway," owned by the State or the County; (2) that either or both State or County have

the duty to repair UUR and were in breach of that duty;[4] and (3) that those defendants be ordered to perform such repairs. The Association also demanded damages, attorney's fees and costs. On August 29, 1984, the State's motion for summary judgment was granted. Therefore, the question remaining was whether UUR was a county highway. After a bench trial, the trial court entered its Findings of Fact (FOF) and Conclusions of Law (COL) on December 4, 1984, and dismissed the complaint.[5] On March 29, 1985, Association's Motion for Amendment of Findings of Fact was granted in part and denied in part,[6] and its Motion for Amendment of Judgment or for New Trial was denied.

Although Association challenges many of the trial court's FOF and COL,[7] the fundamental question is whether the court was correct in holding that UUR is not a county highway. We answer yes.

Association puts forth three alternative theories to support its position that UUR is a county highway: first, UUR became a "public highway" upon the enactment of the Highway Act of 1892 (Highway Act); second, UUR is a county highway under the doctrine of common law dedication; and third, the County of Maui is estopped from denying that UUR is a county highway. We will discuss below Association's theories *seriatim*. First, however, we must set forth in some detail the standards that establish the parameters for our review.

I.

A trial court's findings of fact will not be set aside unless (1) the findings are not supported by substantial evidence and are, conse-

---

[4]The State is responsible for the maintenance of state highways under Hawaii Revised Statutes (HRS) § 264-43 (1985). The responsibility of the several counties for maintenance of county highways is established by HRS § 265A-1 (1985).

[5]Defendants Charles M.K. Kaiapa Plunkett, Daniel F.S. Lee, George Kaimiola, and Katherine Kaimiola had been dismissed earlier.

[6]Finding of fact (FOF) no. 3, which is not challenged by Association, was amended. There were two FOF no. 24 in the original FOF. They were redesignated as FOF no. 24(a) and 24(b).

[7]Association challenges FOF nos. 14 through 18, 20 through 29, and 31(a), and conclusions of law nos. 5 through 12 and 15 through 19.

quently, clearly erroneous or (2) a reviewing court, upon examination of all the evidence, is left with a definite and firm conviction that a mistake has been made.

\* \* \*

Where the determination of an issue depends upon the credibility of witnesses, the scope of review of an appellate court is limited by the due regard given to the opportunity of the trial court to judge the credibility of witnesses. "An appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence; this is the province of the trial judge." *Shannon v. Murphy*, 49 Haw. 661, 667, 426 P.2d 816, 820 (1967)[.]

*Nani Koolau Co. v. K & M Construction, Inc.*, 5 Haw. App. 137, 139-140, 681 P.2d 580, 584 (1984) (citations other than *Shannon* omitted). "[W]here the trial court's determinations of fact are largely dependent upon the resolution of conflicting testimony, great weight will be accorded its findings upon review." *Shinn v. Edwin Yee, Ltd.*, 57 Haw. 215, 219, 553 P.2d 733, 737 (1976).

A conclusion of law is not binding upon an appellate court and is freely reviewable. ... A conclusion of law which is supported by the trial court's findings of fact and which reflects an application of the correct rule of law will not be overturned.

*Nani Koolau Co. v. K & M Construction, Inc.*, 5 Haw. App. at 141, 681 P.2d at 585 (citations omitted).

II.

Association's first argument is that UUR became a government road upon the enactment of the Highway Act,[8] which specifically provided

---

[8]The Highway Act of 1892 provides in pertinent part:
DEFINITION OF PUBLIC HIGHWAY
Section 2.  All roads, alleys, streets, ways, lanes, courts, places, trails and bridges in the Hawaiian Islands, whether nor hereafter opened, laid out or built by the Government, or by private parties, and dedicated or abandoned to the public as a highway, are hereby declared to be public highways.
DEDICATION OF HIGHWAYS BY PRIVATE PERSONS
Section 3.  Any road, alley, street, way, lane, court, place, trail or bridge laid out,

that a private road may become a public highway by dedication if it existed prior to the enactment of the statute and had been dedicated or abandoned to the public as a highway for at least five years. Although section 3 of the act requires that a private road must be accepted or adopted by the Minister of the Interior, the supreme court has held that formal acceptance is not a requirement where a road, originally private, existed and had been abandoned for five years at the time of the act's passage. *In re Kelley,* 50 Haw. 567, 445 P.2d 538 (1968).

Association contends that the evidence shows that UUR existed in the same location pre-1892 as at the time of suit and had been abandoned for five years prior to the Highway Act. Consequently, Association argues that the trial court erred in finding that UUR did not exist in its present location prior to 1892. The argument is without merit.

The evidence regarding the time when UUR was opened or laid out at its present location was conflicting. Although the inference suggested by Association can be made from the evidence, that is not the inference made by the trial court. There is consistent and credible evidence that the pre-1892 road had a more mauka alignment than at present. We will not disturb the trial court's determination of the credibility and weight of that evidence. *Nani Koolau Co. v. K & M Construction, Inc., supra.* Moreover, we are not convinced that a mistake has been made. *Id.*

III.

Association argues that if UUR did not become a public highway upon passage of the Highway Act, then in the alternative, it became a county highway by common law dedication. That argument, also, is without merit.

Dedication is defined as

[t]he appropriation of land, or an easement therein, by the

---

constructed, opened or maintained by individuals or corporations as a highway, may become a public highway by dedication or abandonment, or surrender thereof to general use by such individual or corporation; provided that the same shall be accepted or adopted by the Minister of Interior.

DEDICATION OR ABANDONMENT

Section 4. Dedication or abandonment of any highway, mentioned in Section 2 of this Act, may be by deed or by a surrender or abandonment; such surrender or abandonment shall be taken to be when no act of ownership by the owner thereof has been exercised within five years.

owner, for the use of the public, and accepted for such use by or on behalf of the public.

Black's Law Dictionary 371 (5th ed. 1979). Dedication of land for public use may be achieved either by statute or by common law. Statutory dedication occurs when the statutory provisions are complied with. *City of Kechi v. Decker,* 230 Kan. 315, 634 P.2d 1099 (1981); 23 Am. Jur. 2d *Dedication* § 38 (1983). Common law dedication is accomplished either expressly, as by deed, or impliedly, as by acts and conduct which manifest an intent to give the property for public use. *City of Kechi v. Decker, supra;* 23 Am. Jur. 2d *Dedication* § 3 (1983). However, before the municipality can be held responsible for maintenance, repair, and liability there must be unequivocal acceptance by the municipality. *Kelly v. City of Bethany,* 588 P.2d 567 (Okla. 1978); McQuillin, *Municipal Corporations* § 33.44 (3rd ed. 1983).

In the absence of statute, an offer to dedicate land to public use is not required to be accepted by public authorities; it may be accepted by the general public. If acceptance by public authorities is required by statute, it must be made by persons competent to act.

23 Am. Jur. 2d *Dedication* § 45.

In the light of the provisions of Hawaii Revised Statutes (HRS) § 264-1 (1985),[9] we hold that the doctrine of common law dedication does not convert a private roadway into a county highway, and the

---

[9]HRS § 264-1 (1985) provides in pertinent part:

Public highways, defined, etc. * * * All roads, alleys, streets, ways, lanes, trails, bikeways, and bridges in the State, opened, laid out, or built by private parties and dedicated or surrendered to the public use, are declared to be public highways. *Dedication of public highways shall be by deed of conveyance naming the State as grantee in the case of a state highway and naming the county as grantee in the case of a county highway. The deed of conveyance shall be delivered to and accepted by the director of transportation in the case of a state highway and shall be delivered to and accepted by the legislative body of a county in the case of a county highway. Surrender of public highways shall be deemed to have taken place if no act of ownership by the owner of the road, alley, street, bikeway, way, lane, trail, or bridge has been exercised for five years and when, in the case of a county highway, in addition thereto, the legislative body of the county has, thereafter, by resolution, adopted the same as a county highway.* In every case where the road, alley, street, bikeway, way, lane, trail, bridge or highway is constructed and completed as required by any ordinance of the county or any rule, regulation, or resolution thereof having the effect of law, the legislative body of the county shall accept the dedication or surrender of the same without exercise of discretion. [Emphasis added.]

lower court did not err.

HRS § 264-1 requires that a private roadway surrendered or abandoned to public use is not a county highway unless it is adopted as such by resolution of the legislative body of the county. Essentially, HRS § 264-1 adopts the common law principle that a private roadway may be surrendered or abandoned to public use. However, the roadway does not become a county highway unless and until it is accepted by the legislative body.

> A public highway is not a state highway unless it is designated for inclusion in the State Highway System under HRS § 264-41 (1976). All public highways which are not state highways are county highways or they are not public highways. *See* HRS § 264-1 (1976). A highway is not a county highway unless it is accepted or adopted as such by the county council. There is no evidence in the record of the designation, acceptance, or adoption of this road by the state or the county.

*Santos v. Perreira,* 2 Haw. App. 387, 390, 633 P.2d 1118, 1122 (1981).

In the instant case, as in *Santos v. Perreira, supra,* there is no evidence that the Maui County Council (council) accepted UUR as a public road. Since Association's argument is based upon surrender or abandonment, acceptance can only be shown by a resolution of the council. HRS § 264-1. There is no evidence of such a resolution. Therefore, we are bound by the strict application of HRS § 264-1 to conclude that UUR is not a county highway.

Association argues, however, that although there was no official resolution by the council, acceptance was evidenced by the fact that County employees maintained and repaired the road from 1919 to 1981, and it was registered on their "Index of County Roads" until the latter date. They argue that these acts by County employees manifested acceptance of UUR as a county road.

However, under HRS § 264-1 only the county council is authorized to accept dedication of a private road. The acts of County's employees are not evidence of the council's acceptance. *See Santos v. Perreira, supra.* A municipality's legislative body can only act officially through ordinance or resolution or by voting on a motion made at a council meeting. *Life of the Land v. City and County of Honolulu,* 61 Haw. 390, 423, 606 P.2d 866, 887 (1980).

IV.

Finally, Association argues that the County should be estopped from denying that UUR is a public highway because the County "consistently and specifically represented to the developer, real estates sales people and purchaser [sic] of Maui Ranch Estates subdivision" that UUR was a public highway. We need not decide whether a county highway may be established in this jurisdiction by estoppel against a county because, assuming the estoppel theory is applicable, we agree with the trial court that Association "failed to establish any detrimental reliance on its part." COL no. 17.

In support of its detrimental reliance argument, Association cites the testimony of Lawrence B. McNeil (McNeil), the developer of the project. Although a close reading of his testimony indicates that when he conferred with the County's officials about his subdivision he was already of the opinion that UUR was a public road, McNeil did testify that he would not have put in the subdivision if he did not believe UUR was a county road. However, in COL no. 13, the trial court took judicial notice that the County's Subdivision Ordinance did not prohibit subdivisions on private roads. Association does not challenge that conclusion. Reading the FOF and COL as a whole, it seems clear that the trial court implicitly rejected McNeil's testimony that he would not have proceeded with the subdivision if UUR were not a public road. *See Hana Ranch, Inc. v. Kumukahi,* 6 Haw. App. ___, ___, 720 P.2d 1023, 1029 (1986). McNeil's activities were not in an effort to ascertain that UUR was a public road in order to proceed with the subdivision. McNeil's conversations with the County's officials were for the purpose of determining whether they had any objections as to where he planned to route his electrical and water lines. Inasmuch as the subdivision could have proceeded even though UUR was not a public road, Association's argument of detrimental reliance is unpersuasive.

## CONCLUSION

We conclude after thorough examination of the record that the trial court's FOF are not clearly erroneous and no mistake was made. The COL are based upon the findings, and correctly state the applicable law.
Affirmed.

*Boyce R. Brown, Jr.,* and *Cynthia H.H. Thielen* (*Brown & Johnston* of counsel) for plaintiff-appellant.

*Glenn M. Kosaka,* Special Deputy Corporation Counsel, County of Maui, for defendant-appellee.