**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000280**
**14-JAN-2025**
**07:53 AM**
**Dkt. 132 MO**

NO. CAAP-21-0000280

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BUTCH BURKE; QUEEN AUTO, LLC; TROPICAL LAMP & SHADE CO., LTD;
TROPICAL OTTO PARTS; U. OKADA & COMPANY, LTD.; and THEODORE
UYEDA, Plaintiffs/Counterclaim Defendants-Appellees,
v.
KAKAAKO LAND COMPANY, LLC, Defendant/Counterclaimant/
Cross-claim Defendant-Appellant;
and
CEDRIC CHUN and CALVERT J.T. CHUN, Defendants/Cross-claim
Defendants-Appellants,
and
CITY AND COUNTY OF HONOLULU, Defendant/Cross-claim
Defendant/Cross-claimant-Appellee
and
HAWAII COMMUNITY DEVELOPMENT AUTHORITY, Defendant/
Cross-claim Defendant-Appellee,
and
STATE OF HAWAII, Defendant/Cross-claimant/
Cross-claim Defendant-Appellee,
and
DOE DEFENDANTS 1-50, Defendants/Cross-claim Defendants

———————

KAKAAKO LAND COMPANY, LLC, a Hawaii Limited Liability Company,
Plaintiff-Appellant,
v.
HEIRS AND ASSIGNS OF CHARLES S. DESKY; HEIRS AND ASSIGNS OF
MINNIE DESKY; HEIRS AND ASSIGNS OF FLORENCE DESKY; HEIRS AND
ASSIGNS OF HENRY BERNARD CHRISTIAN; HEIRS AND ASSIGNS OF PAUL
BERNARD CHRISTIAN; HEIRS AND ASSIGNS OF ADELE M. CHRISTIAN; and
Heirs of persons named above who are deceased, or persons holding
under said Heirs, and spouses, assigns, successors, personal
representatives, executors, administrators, and trustees of
persons named above who are deceased; STATE OF HAWAII; CITY AND
COUNTY OF HONOLULU, Defendants-Appellees,
and

DOES 1-100; and all other persons unknown claiming any right, title, estate, lien or interest in the real property described and TO ALL WHOM IT MAY CONCERN, Defendants

and

STATE OF HAWAII, Counterclaimant-Appellee, v. KAKAAKO LAND COMPANY, LLC, a Hawaii Limited Liability Company, Counterclaim Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1CC141001912 and 1CCV-20-0000123 (Consolidated))

**MEMORANDUM OPINION**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

This case involves the disputed ownership of several streets in Kaka'ako (the **Desky Streets**).  After a bench trial,[1] the Circuit Court of the First Circuit ruled that the Desky Streets are owned by the **State** of Hawai'i.  Kakaako Land Company, LLC (**KLC**) and its members Cedric Chun and Calvert J.T. Chun appeal from the February 16, 2022 First Amended Final Judgment for the State and the **City** and County of Honolulu.  We affirm.

## I. BACKGROUND

In 1896, Charles S. **Desky** acquired 65 acres of land (the **Property**) in what is now known as Kaka'ako.  He subdivided the Property and laid out the Desky Streets.  He recorded a map showing the subdivided lots and the Desky Streets on January 14, 1897.  He sold the lots, which are not at issue here.

In 1903, the territorial legislature passed a joint resolution about the Desky Streets.  It stated:

> Whereas, Charles S. Desky is ready and willing to convey to the Territory certain streets in Kewalo, Honolulu, Island of Oahu, without cost or charge to the Territory; and
>
> Whereas, it would be a benefit to the public to have such streets owned and controlled by the Government; Therefore
>
> Be it Resolved by the Legislature of the Territory of Hawaii:

---

[1]     The Honorable Jeffrey P. Crabtree presided.

> That the Superintendent of Public Works[2] be, and he is hereby authorized and directed to accept from said Charles S. Desky a deed conveying to the Territory (without charge to the Government) all the title of said Charles S. Desky in and to the following named streets, situated in Kewalo aforesaid, to wit:
>
> [naming the Desky Streets]
>
> <u>Resolved</u>, also, that after such conveyance said named roads be maintained, repaired and cared for by the Government as public highways.

The record contains no deed from Desky to the Territory conveying title to the Desky Streets, but there is no dispute that Desky has not exercised ownership over the Desky Streets, maintained them, or paid real property tax on them, since 1903.

Desky died in 1924, intestate. His granddaughter, Adele M. **Christian**, was his last known surviving heir. None of Desky's heirs exercised ownership over, maintained, or paid real property tax on, the Desky Streets until December 17, 1985, when Christian quitclaimed any interest she had in the Desky Streets to Calvert Chun for $5,000. Christian was retired from Dole/Castle & Cooke and living alone in a rented basement at the time. She died in 2000.

On January 10, 1986, Calvert Chun quitclaimed the Desky Streets to Kakaako Land Company, Incorporated. The trial court found, and the parties don't contest, that Kakaako Land Company, Incorporated was converted to KLC. KLC didn't pay real property tax on the Desky Streets. KLC didn't exercise ownership of the Desky Streets until 2010, when it began charging people and businesses for parking. KLC put up signs and towed cars of those who didn't pay for parking.

On September 11, 2014, several people and businesses sued KLC. They sought a declaration that KLC did not own the Desky Streets, and an injunction against KLC charging rent for parking on, and interfering with the use of, the Desky Streets. On January 27, 2020, KLC sued Desky's heirs and assigns, the

---

[2]     The Superintendent of Public Works "shall have the powers and duties . . . of the minister of the interior which relate to streets and highways[.]"  Hawaiʻi Organic Act § 75 (1900).

City, and the State to quiet title to the Desky Streets.  The cases were consolidated on April 6, 2020.

A jury-waived trial was held on September 28, 29, and 30, and December 3, 2020.  The trial court entered amended findings of fact and conclusions of law.  A judgment was entered.  KLC appealed.  We remanded for entry of an appealable judgment under Hawaii Revised Statutes (**HRS**) § 602-57(3) and State v. Joshua, 141 Hawaiʻi 91, 93, 405 P.3d 527, 529 (2017).  The First Amended Final Judgment was entered on February 16, 2022.  It declared that the Desky Streets had been abandoned or surrendered to the Territory of Hawaiʻi in 1947 at the earliest, or at the latest by 1952, and enjoined KLC from exercising any acts of ownership or control over the Desky Streets.

## II.  POINTS OF ERROR

KLC contends that the trial court erred by finding and concluding that: **(1)** the Desky Streets were automatically abandoned or surrendered to the Territory of Hawaiʻi under The Highways Act, 1892, as amended; **(2)** Christian had no right, title, or interest in the Desky Streets when she executed the 1985 quitclaim deed, and conveyed no interest in the Desky Streets to Calvert Chun;  and **(3)** the 1986 quitclaim deed from Calvert Chun to KLC's predecessor conveyed no property interest.

## III.  STANDARDS OF REVIEW

KLC does not challenge the trial court's findings of fact.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(C).  "If a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid."  Kawamata Farms, Inc. v. United Agri Prods., 86 Hawaiʻi 214, 252, 948 P.2d 1055, 1093 (1997).

We review conclusions of law under the *right/wrong* standard.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  When a conclusion presents mixed questions of fact and law, we review it under the *clearly*

4

*erroneous* standard because the trial court's conclusions depend on the facts and circumstances of each individual case.  Id.  A mixed finding and conclusion supported by the trial court's findings of fact and applying the correct rule of law will not be overturned.  Id.

We interpret statutes de novo.  Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023).  We start with the statute's language; "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself."  Id.  "The rules of statutory interpretation require us to apply a plain language analysis when statutory language is clear.  Only when there is an ambiguity in a statute are we to resort to other methods of statutory interpretation."  Id. at 149, 528 P.3d at 222.

## IV. DISCUSSION

**A.  The trial court correctly concluded that the Desky Streets were automatically surrendered to the Territory of Hawaiʻi under Revised Laws of Hawaii § 6111 (1945) as amended.**

The disposition of this appeal turns on the application of The Highways Act, 1892, as amended.  It was in effect when the Desky Streets were laid out.  It originally provided, in relevant part:

> SECTION 1.  This Act may be cited in all public proceedings as "The Highways Act, 1892."
>
> DEFINITION OF PUBLIC HIGHWAY.
>
> SECTION 2.  All roads, alleys, streets, ways, lanes, courts, places, trails and bridges in the Hawaiian Islands, whether now or hereafter opened, laid out or built by the Government, or by private parties, and dedicated or abandoned to the public as a highway, are hereby declared to be public highways.
>
> All public highways once established shall continue until abandoned by due process of law.

5

DEDICATION OF HIGHWAYS BY PRIVATE PERSONS.

SECTION 3.  Any road, alley, street, way, lane, court, place, trail or bridge laid out, constructed, opened or maintained by individuals or corporations as a highway, may become a public highway by dedication or abandonment, or surrender thereof to general use by such individual or corporation; provided that the same shall be accepted or adopted by the Minister of Interior.

DEDICATION OR ABANDONMENT.

SECTION 4.  Dedication or abandonment of any highway, mentioned in Section 2 of this Act, may be by deed or by a surrender or abandonment; such surrender or abandonment shall be taken to be when no act of ownership by the owner thereof has been exercised within five years.

OWNERSHIP OF PUBLIC HIGHWAYS IN THE GOVERNMENT.

SECTION 5.  The ownership of all public highways and the land, real estate and property of the same shall be in the Hawaiian Government in fee simple.

The Highways Act, 1892 was amended in 1913 by Act 107. By that time, the Territory had been divided into counties.  1913 Haw. Sess. Laws Act 107:

transferred the "general supervision, charge and control of all public highways, roads, alleys, streets, ways, lanes, squares, courts, trails and bridges in the Territory . . . from the superintendent of public works of the Territory to the several boards of supervisors or other governing bodies of the several political subdivisions of the Territory[.]["]

Wemple ex rel. Dang v. Dahman, 102 Hawaiʻi 27, 49, 72 P.3d 499, 521 (App. 2002) (quoting 1913 Haw. Sess. Laws Act 107, § 1 at 153), rev'd on other grounds, 103 Hawaiʻi 385, 83 P.3d 100 (2004).  Although the responsibility for maintaining public highways was transferred to the counties, title remained with the Territory.  102 Hawaiʻi at 47, 72 P.3d at 519 (citing Susan E. Jaworowski, Roads in Limbo: An Analysis of the State-County Jurisdictional Dispute 8, Legislative Reference Bureau Report No. 11 (1989)); see In re Am. Sugar Co., 29 Haw. 820, 825-26 (Haw. Terr. 1927) (noting "the County of Maui is charged with the burden of maintaining and repairing the highways within its borders" but "these considerations cannot operate to deprive the Territory of its title to the roadways").

KLC argues that "upon passage of the 1913 amendments, the ability of the government to obtain ownership of private roads through surrender or abandonment was the exclusive domain of the counties."  That is not correct.  After 1913, private roads could be surrendered to either the Territory or a county; surrender to a county required formal acceptance, but surrender to the Territory did not.  See Gold Coast Neighborhood Ass'n v. State, 140 Hawaiʻi 437, 461, 403 P.3d 214, 238 (2017) (noting that by 1947, "the surrender statute had eliminated the requirement of the State's acceptance *when such properties were surrendered to the state government*, but retained the provision requiring formal acceptance with respect to surrender to the various counties" (emphasis added) (footnote omitted)).

In 1947 the legislature created two categories of public highways:

> (1) territorial or federal-aid highways, which are all those under the jurisdiction of the territorial highway engineer or the superintendent of public works pursuant to chapter 89 or any other law; and (2) county highways, which are all other public highways.

Id. (quoting 1947 Haw. Sess. Laws Act 142, § 1 at 251).  The legislation also provided:

> All roads . . . in the Territory, opened, laid out, or built by private parties and . . . surrendered to the public use, are declared to be public highways. . . . Such **surrender shall be deemed to have taken place if no act of ownership by the owner of any such road . . . has been exercised for five years** and when, in the case of a county highway, in addition thereto, the board of supervisors of the city and county or county has, thereafter, by a resolution, adopted the same as a county highway.

1947 Haw. Sess. Laws Act 142, § 1 at 252 (emphasis added). Act 142 amended Revised Laws of Hawaii (**RLH**) § 6111 (1945) and took effect on May 17, 1947.  1947 Haw. Sess. Laws Act 142, § 2 at 252.

The supreme court noted, in a case involving a privately built seawall that was regularly used by the public for beach access:

>Hawaiʻi appears to be "one of the few jurisdictions which have provided, at one time or another, for vesting the fee of a highway or road laid out by a private party and abandoned to the public in the central government." In re Kelley, 50 Haw. 567, 579, 445 P.2d 538, 546 (1968) (discussing [The Highways Act, 1892]). . . . The fact that **ownership is automatically "deemed" surrendered to the State after such a relatively brief [five-year] period** counsels in favor of an interpretation of the statute that is more narrow than broad when considering a seawall not enumerated within [HRS] § 264-1(c)(2) [(2007)].

Gold Coast, 140 Hawaiʻi at 463, 403 P.3d at 240 (emphasis added) (citations and footnote omitted).

Here, KLC does not dispute that Desky and his heirs performed no act of ownership over the Desky Streets after 1903. Thus, the trial court was right when it concluded that "[t]he [Desky] Streets were automatically abandoned or surrendered to the Territory of Hawaiʻi in 1947 at the earliest, or 1952 [(five years after Act 142 (1947) took effect)] at the latest, pursuant to [T]he Highways Act, [1892,] as amended in 1947[.]" RLH § 6111 (1945, as amended); Gold Coast, 140 Hawaiʻi at 463, 403 P.3d at 240.

KLC argues that the Desky Streets could not have been surrendered to the Territory because they were not burdened by express easements in favor of the Territory, which KLC maintains is a prerequisite to surrender. KLC relies on Gold Coast, Levy v. Kimball, 50 Haw. 497, 443 P.2d 142 (1968), and Application of Banning, 73 Haw. 297, 832 P.2d 724 (1992). The issue in Gold Coast was whether the State had to maintain a privately built seawall. The supreme court noted that "seawall" was "not included in the categories of properties that may be surrendered to the State pursuant to HRS § 264-1(c)(2)" (2007), the successor statute to The Highways Act, 1892.[3] 140 Hawaiʻi at 462, 403 P.3d

---

[3] HRS § 264-1 (2007) provided, in relevant part:

>(c) All **roads, alleys, streets, ways, lanes, trails, bikeways, and bridges** in the State, opened, laid out, or built by private parties and . . . surrendered to the public use, are declared to be public highways or public trails as follows:

at 239. The court then held that "the State obtained an easement over and across the Seawall by implied dedication" and "thus has the right and the duty to maintain the surface of the Seawall over and across which it has an easement." 140 Hawaiʻi at 459-60, 403 P.3d at 236-37 (cleaned up). Gold Coast does not support the proposition that a road can only be surrendered to the State if it is burdened by an express easement in the State's favor.

Levy was a personal injury case filed by a woman who tripped and fell off a seawall. The State had "an easement over this seawall for the express purpose of providing a path for public travel." 50 Haw. at 498, 443 P.2d at 144. The State argued that its easement was a "non-possessory interest . . . for a right to use the top of the seawall as a footpath by the general public" and its only duty was "to maintain the intangible interest in the surface of the seawall, but not the seawall itself which the [State] does not own, in a reasonably safe condition for those using it." Id. at 499, 443 P.2d at 144. In response, the supreme court stated that although seawalls were not mentioned in RLH § 142-1 (1955) (relating to highways, sidewalks, parks, and streets), "it can be fairly implied that a seawall such as that which is in question here which is used as a public thoroughfare is included in the term 'public highways'." Id. Then, citing to authority for the proposition that a municipality has a duty of care to keep public highways in a safe condition for travel, the supreme court held that the State "owed plaintiff a duty of care to maintain the seawall in a safe condition." Id. at 500, 443 P.2d at 145. The supreme court did

. . . .

    (2)    Surrender of public highways . . . shall be deemed to have taken place if no act of ownership by the owner of the road, alley, street, bikeway, way, lane, trail, or bridge has been exercised for five years and when, in the case of a county highway, in addition thereto, the legislative body of the county has, thereafter, by a resolution, adopted the same as a county highway or trail.

(Emphasis added.)

9

not hold that the seawall had been surrendered to the State, or that an express easement in favor of the State was a prerequisite to surrender. Surrender was not even an issue.

KLC's statement that "Banning held that the subject beach access trail at issue was *not* surrendered under HRS § 264-1 since the State did *not* hold an express easement" is also wrong. That case involved a land court petition to register title to accreted beachfront land. The supreme court held that HRS § 264-1 (1985) did not apply because the petitioners "did not build or lay out a trail to the general public." 73 Haw. at 312, 832 P.2d at 732.

KLC contends the trial court "ignored contradictory evidence of the conduct of the State[.]"[4] KLC seems to argue that the State should have been estopped from denying that KLC owns the Desky Streets because the Hawaii Community Development Authority (**HCDA**) obtained orders of condemnation against Desky's heirs in 1992 and 1994; filed a condemnation proceeding against Desky's heirs, Calvert Chun, and Cedric Chun in 1995; and wrote a letter to Cedric Chun and obtained a right of entry from Kakaako Land Company, Inc. in 2010. The argument is not persuasive. "Once having acquired the fee [to a public highway], the Hawaiian Government and its successors, including the Territory and the State, could not be divested of title except by due process of law. This provision of [T]he Highways Act[, 1892] has continued in force until the present." In re Kelley, 50 Haw. 567, 580, 445 P.2d 538, 547 (1968) (cleaned up); see HRS § 264-3 (2020) (public highway to be disposed of "as provided by law"); 2024 Haw. Sess. Laws Act 109, §§ 1 & 2 at 278-80 (authorizing director of transportation to sell, convey, or otherwise dispose of state highways). KLC has not shown that HCDA had the authority to disclaim the State's fee ownership of the Desky Streets. "[E]stoppel will not be applied where the officials on whose

---

[4] The First Amended Final Judgment did not declare that the Desky Streets were abandoned or surrendered to the City. We disregard KLC's arguments about the City's conduct.

conduct or acts it is sought to be predicated acted wholly beyond their power and authority[.]"  State v. Zimring, 58 Haw. 106, 127, 566 P.2d 725, 738 (1977).

The State's amended cross-claim against the City alleged that the Desky Streets "are not now and never have been designated state highways by the director of transportation." KLC thus argues that the Desky Streets are not state highways because they are not in the state highway system, citing Santos v. Perreira, 2 Haw. App. 387, 633 P.2d 1118, (1981) and Maui Ranch Estates Owners Association v. Maui County, 6 Haw. App. 414, 724 P.2d 118 (1986).  Maui Ranch involved a claim that a road in Makawao was a county highway.  We held it was not because there was no evidence the Maui County Council had accepted the surrender or abandonment of the road as required by HRS § 264-1 (1985).  Id. at 422, 724 P.2d at 124.  Maui Ranch is inapposite because a surrender to the State doesn't require the State's acceptance.  Gold Coast, 140 Hawaiʻi at 461, 403 P.3d at 238.

In Santos, the Santoses claimed to have a roadway easement over the Perreiras' property.  They argued "that the unimproved dirt road was a surrendered public road pursuant to HRS § 264-1 (1976, as amended)."  HRS § 264-1 (1976, as amended) provided, in relevant part:

> All roads, alleys, streets, ways, lanes, trails, bikeways, and bridges in the State, opened, laid out, or built by private parties and . . . surrendered to the public use, are declared to be public highways. . . . Surrender of public highways shall be deemed to have taken place if no act of ownership by the owner of the road, alley, street, bikeway, way, lane, trail, or bridge has been exercised for five years and when, in the case of a county highway, in addition thereto, the legislative body of the county has, thereafter, by resolution, adopted the same as a county highway.

We stated that the facts in the record did not support Santos's argument:

> A public highway is not a state highway unless it is designated for inclusion in the State Highway System under HRS § 264-41 (1976). . . . There is no evidence in the record of the designation, acceptance, or adoption of this road by the state or the county.

11

2 Haw. App. at 390, 633 P.2d at 1122. Our statement was implicitly overruled in Gold Coast. There, the supreme held that "the surrender statute had eliminated the requirement of the State's acceptance when such properties were surrendered to the state government[.]" 140 Hawaiʻi at 461, 403 P.3d at 238. Ownership of a privately laid-out road "is *automatically* 'deemed' surrendered to the State after . . . a relatively brief [five-year] period" under HRS § 264-1(c)(2) (2007).[5] 140 Hawaiʻi at 463, 403 P.3d at 240 (emphasis added). That was so whether or not the director of transportation accepts it or designates it as a state highway.

In addition, the plain language of the designation provisions in HRS § 264-41 and HRS § 264-42 was contrary to our statement in Santos. HRS § 264-41 (1976) provided:

> There is established a state highway system which shall consist of federal-aid highways **and other public highways** which **may** be designated for inclusion in the system pursuant to section 264-42.

(Emphasis added.) HRS § 264-42 (1976) in turn provided:

> The director of transportation acting in cooperation with appropriate federal and county agencies, **may** designate for inclusion in the state highway system, **such other public highways, including county highways**, which are used primarily for through traffic and not for access to any specific property, whether residential, business, or other abutting property.

(Emphasis added). Read together, those statutes authorized — but did not require — the director of transportation to include non-state highways in the state highway system by designation. They did not require that the director specifically designate state highways — such as those surrendered to the state under former HRS § 264-1(c)(2) — for inclusion in the state highway system before they could be considered state highways.

---

[5] HRS § 264-1(c)(2) was amended in 2016 to replace the five-year automatic surrender provision with a procedure for condemnation. 2016 Haw. Sess. Laws Act 194, § 3 at 596; Gold Coast, 140 Hawaiʻi at 463 n.39, 403 P.3d at 240 n.39.

**B.      The trial court correctly concluded that the 1985 quitclaim deed from Christian conveyed no interest in the Desky Streets to Calvert Chun.**

The Desky Streets were surrendered to the Territory before 1985.  Christian had no legal interest in the Desky Streets when she quitclaimed them to Calvert Chun.  Her quitclaim deed was a legal nullity.

**C.      The trial court correctly concluded that the 1986 quitclaim deed from Calvert Chun to KLC's predecessor conveyed no interest in the Desky Streets.**

Calvert Chun had no legal interest in the Desky Streets when he quitclaimed them to KLC's predecessor.  His quitclaim deed was a legal nullity.

## V. CONCLUSION

The circuit court's February 16, 2022 First Amended Final Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, January 14, 2025.

On the briefs:

Jonathan L. Ortiz,
Cathy S. Juhn,
Erin I. Macdonald,
for Defendants-Appellants
Kakaako Land Company, LLC,
Cedric Chun and Calvert J.T.
Chun.

John H. Price,
Deputy Attorney General,
State of Hawaiʻi,
for Defendant-Appellee
State of Hawaiʻi.

Ivan M. Lui-Kwan,
Judith Ann Pavey,
Nainoa J. Watson,
for Defendant-Appellee
State of Hawaiʻi.

Duane W.H. Pang,

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

Deputy Corporation Counsel,
City and County of Honolulu,
for Defendant-Appellee
City and County of Honolulu.