HENDRY, Judge.
This is an appeal by defendant from a summary final judgment entered for plaintiff by the Civil Court of Record in an action to recover under an insurance policy for the loss by theft of plaintiff’s automobile.
The contract of insurance between the parties upon which suit was brought provided in pertinent part:
“(1) To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed to be loss caused by collision.”
Defendant denied liability on the grounds that plaintiff did not suffer a loss of his automobile by theft and that the loss complained of was not covered by his policy of insurance.
Both plaintiff and defendant filed motions for a summary judgment based on the pleadings, exhibits, and plaintiff’s deposition.
The record shows that plaintiff entered into a transaction with a Mr. Ferroll of Ferroll Motors for the sale of plaintiff’s automobile. Plaintiff was induced to give up possession of his automobile to Ferroll in return for a check for $800.00, a draft in the sum of $2,135.00 and the right of plaintiffs to hold the title to the automobile until the draft was paid. The draft was typed on the front of an envelope and plaintiff was told that the title certificate which he had signed in blank was enclosed in the sealed envelope on which the draft had been typed. The draft, upon due date, was presented to the bank for payment and dishonored. The envelope was opened at the time the draft was presented to the bank. It was at that time that plaintiff discovered that the envelope did not contain the title certificate, but only a blank piece of paper. Plaintiff further learned that Fer-roll and Ferroll Motors had disappeared. Neither Ferroll nor plaintiff’s automobile were found.
Thereafter plaintiff filed his claim with the defendant for the loss, by theft or larceny, of his automobile. Defendant refused payment and plaintiff sued and was awarded a summary final judgment from which the defendant appeals.
It is appellant’s contention that the insurance contract provides that the defendant will pay for loss caused other than by collision to the owned automobile of the insured. Therefore, this provision of the insurance contract will not apply if the insured had sold or transferred the certificate of title to the automobile. Appellant further says that the intention of the ap-pellee to sell his automobile coupled with his actual delivery of the vehicle, acceptance and use by him of the $800.00 given in part payment of the purchase price, acceptance of the remainder of the purchase price by him in the form of a bank draft and assignment by him in blank of the certificate of title constitutes a sale as a matter of law, therefore the appellee is not entitled to recover.
*164 Appellant further contends that even if the transaction did not constitute a sale, the appellee would not he entitled to recover under the policy because the evidence does not show a theft or larceny of the automobile, notwithstanding the misrepresentation to appellee by Ferroll that the certificate of title assigned in blank was in the envelope.
We can not agree with appellant’s contentions, and affirm the trial court’s action.
The answer to one of the two questions posed by appellant results in the answer to the second question. If there was a sale of this automobile then it could not have been stolen within the meaning of the policy. Conversely, if the vehicle was stolen, there could not have been a sale, so the affirmative finding of one legal conclusion precludes the occurrence of the other.
 Our research reveals a case which we think is persuasive authority. In American Ins. Co. of Newark, New Jersey v. Burson, 213 F.2d 487, 48 A.L.R.2d 1 (5th Cir. 1954) ,[1] the insured had come to an understanding with one Schirmer to sell his truck, but prior to the actual sale Schirmer was given the truck for a trial use. The truck was never returned, and the Fifth Circuit considered this to be a theft within the terms of the insurance policy.[2] We think that the factual situation in Burson is sufficiently analogous to justify our affirmance of the trial court’s determination that the car in this case was stolen and not sold.[3] By virtue of our determination that this car was stolen, the car could not have been the subject of a sale.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. This case was reversed for a new trial on other grounds.

. The 5th Circuit considered the question of theft to be one of fact, but in our case, it is clearly one of law not based on conflicting evidence, but based on un-controverted facts with the only remaining question being one of determining the legal significance thereof.

. Accord., Firemen’s Fund Ins. Co. of San Francisco v. Boyd, Fla.1950, 45 So.2d 499.