HENDRY, Judge.
This is an appeal from a final judgment based upon a jury verdict in favor of the plaintiff, Melbourne Airways and Air College, Inc. The cause of action arose out of an incident involving the loss of an aircraft owned by the plaintiff corporation and insured by the defendant, National Insurance Underwriters. Melbourne Airways chartered the aircraft, with a pilot who was an employee of the corporation, to a third party for a trip to the Bahama Islands. It appears that the aircraft was lost while being used by the pilot and the charter passengers to drop leaflets over the island of Cuba, which was done without the knowledge or consent of the plaintiff.
Melbourne Airways filed a claim with the insurer under the provisions of the policy protecting the aircraft against theft; however, National Insurance Underwriters denied coverage of the loss under an exclusionary clause in the policy which read:
“This Policy Does Not Apply:
(( * * *
“(f) Under Coverages D, E, F, and G,
« * H* *
“(4) To loss due to conversion, embezzlement or secretion by any person in lawful possession of the aircraft;”
The cause was tried by a jury which rendered a verdict in favor of the plaintiff. From the judgment based upon that verdict, defendant appeals.
Appellant assigns as error the giving of the following charge to the jury:
“I charge you then that in contemplation of the law, the lawful possession is not the same thing as custody. The temporary care of property such as is entrusted to an employee does not arise to the dignity of lawful possession within the ordinary accepted legal meaning of that term. Custody means to have them in charge or safekeeping. It implies merely temporary physical control and does not imply domination or supremacy of authority, as does lawful possession in its full significance. Lawful possession implies custody coupled with the right of interest or proprietorship. Possession is inclusive of custody, but custody is not tantamount to possession.”
We can not agree with appellant’s position. The basis of appellant’s objection is that no “theft” has occurred, by reason of the fact that the pilot was one “in lawful possession” of the aircraft within the meaning of the policy terms. In holding the op *269 posite, we rely upon the case of Firemans Fund Ins. Co. of San Francisco, Cal. v. Boyd, Fla.1950, 45 So.2d 499. The facts of the Boyd case are nearly identical, the difference being that the item “stolen” was a truck. In ruling that the plaintiff therein could collect from the insurer, the Florida Supreme Court stated, at page 501:
“ * * * The truck came into his [the employee] custody by virtue of his employment by plaintiff as a truck driver, and he had not that possession, nor that contractual obligation with respect to the thing bailed characteristic of a bailment.”
We are of the opinion that the instruction as given comports substantially with the facts of the case and with the law as set out in the Boyd decision, supra.
We have examined the appellant’s other contentions and find them to be without merit. Therefore, on the basis of the foregoing, the judgment appealed is affirmed.
Affirmed.