KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a final judgment entered pursuant to a directed verdict in favor of appel-lee, defendant below, at the close of appellant’s case. We affirm.
Appellant owned a 1974 Chevrolet Impala station wagon which was insured by appel-lee. Appellant entered into an agreement with John Barbati, a car salesman employed by Warren Henry Volvo Co., to sell his car. Because he was preparing to depart for *440 Europe on an extended trip, appellant delivered possession of the station wagon to Barbati, along with the keys and the certificate of title executed in blank for the purpose of permitting Barbati to sell the car. Barbati was to deposit the proceeds of the sale into appellant’s checking account. Subsequently, Barbati sold the car and deposited his personal check for the proceeds into appellant’s checking account. Barba-ti’s check was returned for insufficient funds. Subsequently, appellant was unable to locate Barbati. Under his policy of insurance with appellee, appellant filed a proof of claim for which appellee denied coverage on the basis that no loss by theft had occurred. Appellant then brought the instant action seeking recovery against ap-pellee for his loss.
The relevant portion of appellant’s policy provides as follows:
“COVERAGE D- — Comprehensive
(1) The owned motor vehicle. To pay for loss to the owned motor vehicle except loss caused by collision . . .”
“EXCLUSIONS — SECTION II
This insurance does not apply under:
(c) Coverages D, F, G, H, J and R
(3) While the owned motor vehicle is subject to any bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, not declared in this policy;
(e) Coverages D and R to loss due to conversion, embezzlement or secretion by any person in possession of the owned motor vehicle under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance.
DEFINITIONS — SECTION II
LOSS — “Whenever used with respect to coverages D, F, G and J means each direct and accidental loss of or damage to
(1) a motor vehicle covered by this policy.”
The cause proceeded to trial and, after appellant rested his case, both appellant and appellee moved for a directed verdict. The trial court granted appellee’s motion on the basis that there was no “loss” within the terms of the insurance policy. From the granting of this motion and the ensuing final judgment entered by the trial court appellant appeals.
Appellant’s sole point on appeal is that the trial court erred in directing a verdict for appellee. In support of this contention he argues that the trial court’s decision is in conflict with this court’s opinion in United Services Automobile Assoc. v. Park, 173 So.2d 162 (Fla. 3d DCA 1965).
Although the policy provisions in Park and the instant case are similar, in our opinion, appellant’s reliance on Park is misplaced. In Park, the insured:
“ . . . entered into a transaction with a Mr. Ferroll of Ferroll Motors for the sale of plaintiff’s automobile. Plaintiff was induced to give up possession of his automobile to Ferroll in return for a check for $800.00, a draft in the sum of $2,135.00 and the right of plaintiffs to hold the title to the automobile until the draft was paid. The draft was typed on the front of an envelope and plaintiff was told that the title certificate which he had signed in blank was enclosed in the sealed envelope on which the draft had been typed. The draft, upon due date, was presented to the bank for payment and dishonored. The envelope was opened at the time the draft was presented to the bank. It was at that time that plaintiff discovered that the envelope did not contain the title certificate, but only a blank piece of paper.” Id. at 163.
Park clearly intended to retain title to the car until the sale was consummated; however, he was deceived about what had happened during the transaction. In the instant case, appellant was not deceived about the transaction, but knowingly and voluntarily gave possession of the vehicle, the keys, and the certificate of title completed in blank to Barbati for the purpose of his selling it and, in compliance with their agreement, to deposit the appropriate amount of the proceeds of the sale into appellant’s account. In effect, in this case, Barbati may have absconded with the pro *441 ceeds of the sale by not properly depositing them in appellant’s account, but he did not create a “loss” of the vehicle as that term is defined in the insurance policy. Accordingly, the trial court acted correctly in granting appellee’s motion for a directed verdict and in entering final judgment in favor of appellee.
Affirmed.