368 So.2d 941 (1979)
John J. COLLINS, Plaintiff,
v.
ROYAL GLOBE INSURANCE COMPANY, Defendant.
No. 78-338.
District Court of Appeal of Florida, Fourth District.
March 14, 1979.
Rehearing Denied April 16, 1979.
*942 Perry Douglas West, Merritt Island, for plaintiff.
Dennis J. Wall and Robert E. Meale, of Rumberger, Kirk & Caldwell, Orlando, for defendant.
ANSTEAD, Judge.
Under the provisions of Fla.App. Rule 4.6, the trial court has certified to us a question involving the construction of an exclusionary clause in a policy of casualty insurance.
The defendant issued a policy of insurance to the plaintiff, insuring, among other things, the plaintiff's motor home from loss by theft. Possession of this motor home was voluntarily granted by the plaintiff to a party who had falsely represented his desire to rent the motor home. Subsequently, this individual and the motor home disappeared. The check given by the thief for rent was returned for insufficient funds. The defendant has stipulated that the thief intended to steal the motor home at the time he acquired possession from the plaintiff. However, when the plaintiff made a claim for the loss the defendant denied coverage on the basis of a provision which excludes from coverage:
... loss to the entire vehicle or any part thereof, due to conversion, embezzlement or secretion by any person in lawful possession of the automobile.
The insurance company claims that under the facts set out above, the thief was "in lawful possession of the automobile" at the time he converted the vehicle to his own use. In other words, the insurer defines "lawful possession" to mean possession voluntarily relinquished by the insured. The question certified by the trial court is whether the thief was in "lawful possession" under the provisions of the exclusionary clause.
First, we think that there is no ambiguity in the policy language as it applies to the agreed facts in this case. Under those facts the plaintiff's vehicle was stolen. Fireman's Fund Ins. Co. of San Francisco v. Boyd, 45 So.2d 499 (Fla. 1950); United Services Automobile Ass'n v. Park, 173 So.2d 162 (Fla. 3d DCA 1965). And, since the thief intended to steal the vehicle at the time he acquired possession and all his representations to the plaintiff about rental of the vehicle were false and fraudulently designed to induce the plaintiff to deliver possession, the thief never acquired lawful possession of the vehicle.
We also note that if there is any ambiguity in the exclusionary provisions as they apply to the stipulated facts, those provisions must be construed in favor of the insured, and against the insurer who chose the specific language in drafting the policy. Fireman's Fund Ins. Co. of San Francisco v. Boyd, supra. Applying this rule of construction supports our conclusion that the exclusionary clause does not apply.
The insurer cites the case of Aetna Casualty & Surety Co. v. Salyers, 294 Ky. 826, 172 S.W.2d 635 (1943) in support of its position. In coming to a contrary conclusion *943 the Kentucky court reasoned that the insured was in a superior position to determine to whom he would entrust his vehicle and therefore must assume the risk of loss if he voluntarily delivers possession to a thief. Such an "assumption of risk" theory may have merit, if it is presented to the insured by language in the policy which clearly and unequivocally informs the insured that he will not be covered for such risks. To most persons, a thief is a thief. And whether the thief elects to act by stealth in the night or by trick in the day-light makes little difference to the owner who suffers a loss of his property and seeks recovery on an insurance contract he purchased for just such an eventuality. If certain classes of thieves or types of theft are not to be covered by the theft insurance, the insurer must specifically exclude such losses in language that clearly defines the risks not to be covered. A thief acquires no lawful possession and if he was a thief from the start then his possession was unlawful from the start.
Accordingly, the certified question having been answered above, we remand this cause to the trial court for further proceedings consistent with this opinion.
LETTS, J., and JOHNSON, TOM, Associate Judge, concur.