**NATIONAL UNION FIRE INSURANCE COMPANY, etc., Plaintiff,**

v.

**CARIB AVIATION, INC., etc., et al., Defendants.**

**No. 82–2086–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

July 19, 1983.

---

Carolyn Pickard, Miami, Fla., for plaintiff.

Melvin Apotheker, Miami, Fla., for defendant Fiddyment.

Mark Weissman, Coral Gables, Fla., for defendant Carib Aviation, Inc.

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Plaintiff's Motion for Summary Judgment, filed February 17, 1983, docket no. 20. Having reviewed the record in this cause and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the Motion is DENIED.

This case concerns the crash of an airplane at sea during the attempted smuggling of marijuana into the United States. At the time of the crash, the airplane was leased by the Defendant, Carib Aviation, Inc. (Carib). It was insured by the Plaintiff, National Union Fire Insurance Company of Pittsburg, PA (National). The airplane had been rented to a third party pilot/smuggler who had stated that he intended to fly from Tamiami Airport in Miami to Orlando and back. The pilot actually flew to the Bahamas. Had Carib known of his intention to fly outside of the United States, it would have required additional documentation.

On the return from the Bahamas, the airplane crashed in the Atlantic Ocean, twenty nautical miles east of Fort Lauderdale. The pilot and a passenger were rescued from a liferaft found floating amid several bales of marijuana. The pilot pled guilty to conspiracy to possess with intent to distribute marijuana and was sentenced to five years in prison.

The insurance policy named Carib and Gregg Fiddyment (Fiddyment) as insureds. The policy provided coverage for property damage to the aircraft, but contained the following exclusion: "This policy does not apply to: . . . loss or damage due to conversion, . . . by any person in possession of the aircraft under a bailment, lease, . . . or other encumbrance, nor for any loss or damage during or resulting therefrom."

This lawsuit was filed in an effort to obtain a declaratory judgment to the effect that the damage was incurred while the aircraft was being converted within the meaning of the exclusion in the insurance policy, and thus that the insurance company was not liable for the loss.

The basic facts surrounding the loss are not in dispute. This motion concerns the legal construction under Florida law of the policy exclusion and the term "conversion."

There are two prongs to the Defendant Carib's argument against the applicability

of the exclusion in this case. The first is that Florida law forbids exclusions that are based upon activities that do not increase the risk of loss of the item insured. The second is that Carib's good faith in renting the airplane to one who lied about its intended use is effective to avoid the exclusion under the policy.

■ In regard to Defendant's first argument against exclusion, there can be no doubt that the law in Florida prohibits the exclusion of any non-risk-increasing activity. *See* Fla.Stat. § 627.409(2); *Pickett v. Woods,* 404 So.2d 1152 (Fla.App.1981) [5th DCA]; *Proprietors Insurance Co. v. Siegel,* 410 So.2d 993 (Fla.App.1982) [3rd DCA].

Despite the fact that drug smuggling might very well increase the risk of loss of an airplane (a fact that this Court is very well acquainted with, since its principal place of hearing is in Miami), Plaintiff has not offered any proof of this fact, and the topic appears to be one that is not suitable for judicial notice. *See* 10 J. Moore & H. Bendix, *Moore's Federal Practice* § 201.01 *et seq.* (1982); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2410 *et seq.* (1971). Therefore, as to this argument, it appears that the Plaintiff's motion for summary judgment may be denied. The court does not find it necessary to rule on this basis, however, as there is an alternative basis for denying the motion for summary judgment.

The second prong of Defendant's argument against exclusion is based upon the line of Florida cases limiting the effectiveness of exclusionary language in an insurance policy to only those exclusions that are clearly delineated by the express language of the policy.

In *National Insurance Underwriters v. Melbourne Airways and Air College, Inc.,* 210 So.2d 267 (Fla.App.1968) [3rd DCA], coverage was contested when an airplane was lost while being used by the charterer—not for the stated purpose of a trip to the Bahamas—but for dropping leaflets over Cuba. The language of the insurance policy exclusion contested in that case was as follows: "This Policy Does Not Apply

... To loss due to conversion ... by any person in lawful possession of the aircraft." *Id.* at 268.

The court refused to reverse a final judgment in favor of the plaintiff on the basis of a jury charge to the effect that "lawful possession is not the same thing as custody." *Id.* The insurance company had argued that no theft had occurred, that the pilot was in lawful possession of the aircraft, and that the exclusion applied. The court approved the jury instruction, implying a distinction when the plaintiff did not consent in the diversion and had no knowledge of it.

In *Collins v. Royal Globe Insurance Co.,* 368 So.2d 941 (Fla.App.1979) [4th DCA], the court likewise found that a policy exclusion on a mobile home did not apply. The exclusion stated that "loss to the entire vehicle or any part thereof, due to conversion ... by any person in lawful possession" was not covered by the policy. *Id.* at 942. Possession of the vehicle had been voluntarily granted by the plaintiff to a person who falsely stated a desire to rent the mobile home. The party absconded with the mobile home after paying for it with a bad check.

The *Collins* court held that because "all [of the thief's] ... representations to the plaintiff about rental of the vehicle were false and fraudulently designed to induce the plaintiff to deliver possession, the thief never acquired lawful possession of the vehicle." *Id.*

The court went on to state that "if there is any ambiguity in the exclusionary provisions as they apply to the stipulated facts, those provisions must be construed in favor of the insured .... If certain classes of thieves or types of theft are not to be covered by the theft insurance, the insurer must specifically exclude such losses in language that clearly defines the risks not to be covered." *Id.* at 942–43.

Similarly, in *Security Insurance Co. of Hartford v. Investors Diversified Ltd., Inc.,* 407 So.2d 314 (Fla.App.1981) [4th DCA], the loss of a forklift through larceny by trick

was found to be covered despite the following exclusion: "[This policy does not cover] loss ... caused by or resulting from misappropriation, ... conversion, ... or any dishonest act on the part of ... any person ... to whom the property may be entrusted." *Id.* at 315–16. The forklift was stolen by an imposter pretending to want a demonstration of the vehicle.

The court stated the issue as "whether an insured can 'entrust' property to a thief." *Id.* at 316. Noting that the Fifth Circuit view was contra, the court adopted the California rule that the voluntary intent of the person handing over the property would not be controlling when the property was acquired by fraud or trick. The court reiterated the rule that ambiguities in the contract of insurance should be construed against the insurer, and cited the case of *Collins v. Royal Globe, supra.*

Finally, the Eleventh Circuit has addressed a very similar situation governed by Georgia law in *Swish Manufacturing Southeast v. Manhattan Fire & Marine Insurance Co.,* 675 F.2d 1218 (11th Cir.1982). In *Swish,* the president of the corporate lessee of an aircraft flew the aircraft to the Bahamas to attempt to smuggle marijuana into the United States. The plaintiff/lessor, owner of the aircraft, had a policy of insurance with the defendant/insurance company. The lessor/pilot was caught by the Bahamian police. The airplane was seized, the plane was partially damaged while in police custody, and the owners were required to pay a fine for its return.

The exclusion in the insurance policy on that aircraft stated that: "[the policy does not cover] ... loss or damage due to conversion ... by any person in possession of the aircraft under a ... lease." *Id.* at 1219. The Eleventh Circuit examined the general common law concerning insurance exclusions and the Georgia law and found that the exclusion applied. Coverage was therefore found to be properly denied.

■ *Swish* is distinguishable from the case *sub judice* in the following respects: (1) *Swish* was decided on general common law and Georgia law; and (2) in *Swish* it

was the president of the lessee corporation that misused the aircraft, thereby making a claim of lack of consent in the misuse more tenuous. Moreover, despite the persuasiveness of this decision this Court is bound by *Erie* to follow the law of the state in which it sits. It is the view of this Court that the law of Florida requires a finding of coverage under the insurance policy in question.