GARRETT, Judge.
Appellants, Mr. and Mrs. Kapner, seek review of the trial court’s granting of summary judgment. We write to distinguish Security Ins. Co. v. Investors Diversified Ltd., 407 So.2d 314 (Fla. 4th DCA 1981) and Collins v. Royal Globe Ins., 368 So.2d 941 (Fla. 4th DCA 1979).
In late 1986, the Kapner's agreed to sell H.E. Hughes (Hughes) a one-half interest in their boat. The agreement provided that Hughes’ interest would vest after he made a $1,500 down payment and fifty-eight monthly payments. Appellants had priority to use the boat and Hughes could use it with their permission, which he did several times without incident. In the summer of 1987, Hughes got permission for a trip, but he never returned the boat. For the next week or two, appellants tried to locate the boat. Not satisfied with Hughes’ explanations as to the boat’s whereabouts, appellants reported the boat stolen. Thereafter, appellants filed an insurance claim and later an action alleging appellee’s breach of contract. The trial court granted the motion for summary judgment based on the following exclusionary clause from the insurance policy which covered the boat:
Section 1 — Exclusions: We do not insure loss which is a result of:
* * * * * *
5. infidelity of any person to whom the insured property is entrusted or rented.
The Security fork lift and the Collins motor home cases are distinguishable in that those thieves did not have the type of ongoing business relationship with those insureds as did Hughes with appellants. The false customer name in Security and the bad check in Collins were given on the only day those thieves' and insureds had contact with each other. The business relationship between appellants and Hughes had been ongoing for nearly a year before the loss of the boat.
Because in the past and for the final voyage appellants had entrusted the insured boat to Hughes, whose later infidelity caused the loss, the questioned policy clause excluded coverage. Accordingly, we affirm the trial court’s entry of summary judgment.
HERSEY, C.J., and WARNER, J., concur.